# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

| | |
|---|---|
| JACQUELINE SUMMY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 11-00846-CV-NKL-SSA |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

In April 2012 the Court granted Plaintiff Jacqueline Summy's Social Security petition, reversed the decision of an Administrative Law Judge ("ALJ") denying benefits to Summy, and remanded to the ALJ for further consideration. [Doc. # 12]. Pending before the Court is Summy's Motion for attorney fees pursuant to the Equal Justice Act, 28 U.S.C. § 2412 (d).

The Commissioner has not disputed that Summy was the prevailing party on her petition appealing the ALJ's decision. The Commissioner also has not disputed that if the Court finds it proper to award attorney fees in this case, that amount proposed by Summy's counsel, $6,006.19, is appropriate. The Commissioner does, however, dispute whether the award of attorney fees is proper in this case.

The Equal Access to Justice Act provides that "a court shall award to a prevailing party other than the United States fees and other expenses unless the court finds that the position of the United States was substantially justified or that special circumstances make

1

an award unjust." 28 U.S.C. § 2412(d)(1)(A). "Substantially justified" in this context means "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Such a position need not be "correct," but need only have "a reasonable basis in law and fact." *Id*. at 566 n.2. Thus, the Commissioner "can lose on the merits of the disability question and win on the application of attorney's fees." *Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1999). The parties agree that the government has the burden of proving its position was substantially justified. *Id.*

Here, the Commissioner has not met his burden to prove his position was substantially justified. The Commissioner merely points out that the Court agreed with the Commissioner on all but one of the arguments raised by Summy. But the Court found that Summy's remaining argument – that the ALJ selectively discussed the opinion of treating nurse-practitioner Ms. Sisk – was itself cause for remand. The Commissioner's only argument for why its position on this point had a reasonable basis in fact or law was because "even assuming the limitations opined by Ms. Sisk that the ALJ did not specifically mention, Plaintiff would not be disabled." [Doc. # 3]. But the Commissioner does not provide any authority or further argument supporting his implication that remand was unnecessary in this instance because the ALJ's error was harmless. Further, the Commissioner does not point to any authority that supports the position advanced by the Commissioner in this action that selectively discussing evidence in the record is not cause for remand. Thus, the Commissioner has not met its burden to show that its position was substantially justified, and Summy is entitled to attorney fees.

2

Case 4:11-cv-00846-NKL   Document 19   Filed 07/31/12   Page 2 of 3

Accordingly, it is hereby ORDERED that Jacqueline Summy's Motion for attorney fees pursuant to the Equal Access to Justice Act [Doc. # 4] is GRANTED in the amount of $6,006.19.

                                                s/ Nanette K. Laughrey
                                                NANETTE K. LAUGHREY
                                                United States District Judge

Dated: July 31, 2012
Jefferson City, Missouri